UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 20-cv-367-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are 1) the Motion for Partial Summary Judgment filed by Defendant National Interstate Insurance Company (ECF No. 15); and 2) the Motion to Strike the Declaration of James M. McFaul filed by Plaintiff Skanska USA Civil West California District Inc. (ECF No. 24).

**I.  BACKGROUND**

On February 27, 2020, Plaintiff Skanska USA Civil West California District Inc. ("Skanska") filed a Complaint against Defendant National Interstate Insurance Company ("National Interstate"). (ECF No. 1). In the Complaint, Skanska alleges that it is insured under primary and excess insurance policies issued by National Interstate. Skanska alleges that in 2016, it was sued in state court and tendered the defense of the lawsuit to National

Interstate. Skanska alleges that National Interstate failed to reasonably investigate Skanska's request for coverage and failed to provide a defense, "causing Skanska to have to pay significant sums attributable to the costs of its defense." (*Id.* ¶ 144). Skanska alleges that National Interstate unreasonably and in bad faith agreed to a settlement on behalf of insureds other than Skanska, which exhausted the limits of the National Interstate insurance policies, allowed the action against Skanska to continue, and provided no indemnity to Skanska. Skanska brings claims against National Interstate for 1) declaratory relief; 2) breach of insurance contract; 3) breach of the implied covenant of good faith and fair dealing; 4) assigned claim for equitable indemnity; and 5) assigned claim for equitable contribution.

On April 16, 2020, National Interstate filed a Motion to Dismiss. (ECF No. 7).

On August 19, 2020, National Interstate filed a Motion for Partial Summary Judgment "on the following issue: that [National Interstate] did not breach the implied covenant of good faith and fair dealing in the primary and excess automobile liability policies it issued to Reeve Trucking Company by agreeing to a $6,000,000 policy limits settlement that included releases of both Reeve Trucking and its driver, but not Skanska." (ECF No. 15 at 5). National Interstate contends that its acceptance of the settlement demand on behalf of Reeve Trucking Company and its employee, Christopher Collins, was reasonable as a matter of law.

On September 3, 2020, the Court issued an Order denying National Interstate's Motion to Dismiss. (ECF No. 17).

On September 4, 2020, Skanska filed an Opposition to the Motion for Partial Summary Judgment. (ECF No. 18). Skanska contends that National Interstate's Motion for Summary Judgment is premature because no discovery has been conducted, and National Interstate improperly seeks summary judgment on one allegation of the breach of good faith and fair dealing claim. Skanska contends that National Interstate acted in bad faith when it failed to defend Skanska and when it settled the claims against Reeve Trucking Company and Christopher Collins, leaving Skanska exposed to liability.

On September 14, 2020, National Interstate filed a Reply in support of the Motion for Partial Summary Judgment.[1] (ECF No. 19).

On September 17, 2020, National Interstate filed an Answer to the Complaint. (ECF No. 20).

On October 27, 2020, Skanska filed a Motion to Strike the Declaration of James M. McFaul. (ECF No. 24). On the same day, National Interstate filed an Opposition to the Motion to Strike. (ECF No. 25).

On October 29, 2020, the Court heard oral argument on the Motion for Partial Summary Judgment. (ECF No. 28).

On November 4, 2020, Skanska filed a Reply in support of the Motion to Strike. (ECF No. 29).

## II.  FACTS

Plaintiff Skanska is a contractor that was involved in a highway reconstruction project near Sorrento Valley, California. In February 2016, Skanska hired Reeve Trucking Company ("Reeve") to transport several 100-foot I-beams from the construction site to a storage site on State Route 67 in Lakeside, California.

In the early morning of February 12, 2016, Peter Chavarin was driving a motorcycle northbound on State Route 67 when he collided with a Reeve tractor-trailer carrying the I-beams, driven by Reeve employee Christopher Collins, as the tractor-trailer was making a left turn from southbound State Route 67 towards the entrance of the storage site. Chavarin sustained severe injuries, including traumatic brain injury, coma, thoracic spine fracture, and other bone fractures.

At the time of the accident, Reeve and its employees, including Collins, were insured under two policies issued by Defendant National Interstate covering liability for bodily injury: a primary commercial motor carrier liability insurance policy and an excess policy

---

[1] National Interstate submitted evidentiary objections to the Declaration of Elizabeth Celniker, which have been reviewed by the Court. (ECF No. 19-1).

(collectively, the "National Interstate Policies"). "Insureds" under the National Interstate Policies include "[a]nyone liable for the conduct" of Reeve or its employees, "but only to the extent of that liability." (Primary Policy, Ex. A to Celniker Decl., ECF No. 18-3 at 148). At the time of the accident, Skanska was insured under a commercial general liability policy issued by Zurich American Insurance Company ("Zurich American").

On April 6, 2016, Peter Chavarin and his wife filed a complaint for damages against Skanska, Reeve, Collins, and the owner of the Lakeside storage site in the Superior Court for the State of California County of San Diego, *Peter Chavarin, et al. v. Christopher Collins, et al.*, No. 37-2016-00011241-CU-PA-CTL (the "Chavarin Action").

In response to an April 15, 2016, tender, National Interstate declined to defend or indemnify Skanska in the Chavarin Action. After the Chavarins filed a first and second amended complaint, National Interstate again declined to provide any coverage to Skanska.

On May 10, 2017, National Interstate agreed to pay $6,000,000 to settle the Chavarins' claims against Reeve and Collins. The settlement did not settle or release the Chavarins' claims against Skanska.

After National Interstate received a copy of the Chavarins' third amended complaint, it agreed to participate in Skanska's defense. In April 2018, the Chavarins settled the case against Skanska for $2,950,000, which was paid by Zurich American with no contribution from National Interstate.

## III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The materiality of a fact is determined

by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). Where the party moving for summary judgment bears the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation omitted). If the moving party meets the initial burden, the burden shifts to the opposing party to show that summary judgment is not appropriate. *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. The nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient."). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (citations omitted). The nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 256.

## IV.   JUDICIAL NOTICE

National Interstate requests that the Court take judicial notice of documents filed in the Chavarin Action: 1) the original complaint; 2) the notice of settlement of the claims against Reeve and Collins; 3) Skanska's motion to contest the application for determination of good faith settlement; 4) the order granting the application for determination of good faith settlement; 5) and the third amended complaint. (Def.'s Request for Judicial Notice, ECF No. 15-5). Skanska further requests that the Court take judicial notice of 1) the first amended complaint; 2) the second amended complaint; and 3) the order denying Skanska's motion for summary judgment; and 4) the memorandum of points and authorities in support of the Chavarins' motion for leave to file a third amended complaint. (Pl.'s Request for

Judicial Notice, ECF No. 18-24). Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). Matters of public record include court filings and pleadings in related litigation. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The parties' requests for judicial notice are granted.

## V. DISCUSSION

Skanska brings a claim against National Interstate for breach of the implied covenant of good faith and fair dealing. Skanska alleges that National Interstate breached the implied covenant of good faith and fair dealing including by failing to reasonably investigate Skanska's claims under the National Interstate Policies, failing to defend Skanska in the Chavarin Action, and settling the Chavarins' claims against Reeve and Collins while allowing the action to continue against Skanska.

National Interstate moves for summary judgment on the "issue" of whether National Interstate "breach[ed] the implied covenant of good faith and fair dealing in the primary and excess automobile liability policies it issued to Reeve Trucking Company by agreeing to a $6,000,000 policy limits settlement that included releases of both Reeve Trucking and its driver, but not Skanska." (ECF No. 15 at 5). National Interstate contends that accepting the policy-limits demand to settle the claims against Reeve and Collins was reasonable as a matter of law, and Skanska fails to identify specific facts that further discovery would be expected to reveal to defeat summary judgment.

Skanska contends that National Interstate improperly seeks piecemeal adjudication of the claim for breach of the implied covenant of good faith and fair dealing. Skanska contends that it has not had opportunity to conduct discovery to adequately respond to the Motion for Partial Summary Judgment. Skanska contends that it needs discovery on "the nature, timing, and extent of the Chavarins' claims against Skanska for vicarious liability for the conduct of Reeve and Collins;" "evidence of the Chavarins' communications and negotiations with [National Interstate] and/or Reeve or Collins, including with respect to the Chavarins' claims and negotiation of the terms of the Reeve Settlement;" "information

explaining the differences between the Chavarins' counsel's declaration filed in support of this motion and their letter, at the time of the April 3, 2017 mediation, in which it is stated that, from the inception of the *Chavarin* action, the Chavarins had asserted that Skanska was vicariously liable for the conduct of Reeve and/or Collins;" "the underwriting intent of the [National Interstate] Policies and the meaning of 'Each Incident' in connection with the limit of insurance;" and "the litigation budget or other information about the anticipated fees and costs to defend Reeve and Collins in the *Chavarin* action from May 10, 2017 through trial and appeal." (ECF No. 18 at 29-30). Skanska contends that the claim for breach of the covenant of good faith and fair dealing requires a determination of reasonableness that cannot be resolved on a motion for summary judgment, and National Interstate acted in bad faith.

"Although [Rule 56 of the Federal Rules of Civil Procedure] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." *See* Fed. R. Civ. P. 65 Advisory Committee's Notes (2010 Amendments Subdivision (b)). The court may deny a motion for summary judgment where the non-moving party shows that it has not had time to take discovery and "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

> Rule 56(a) permits a party asserting a claim to move for summary judgment any time after the expiration of 20 days from the commencement of the action . . . . Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56([d]) motion fairly freely. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56([d]) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) . . . .

*Burlington N. Santa Fe. R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (construing Rule 56(f), now Rule 56(d)).

In this case, National Interstate filed the Motion for Partial Summary Judgment on one discrete issue of the bad faith claim while the Motion to Dismiss was pending, and National Interstate seeks pre-discovery, piecemeal litigation of a complex insurance claim. Skanska's response to the Motion for Partial Summary Judgment was due before National Interstate filed an Answer to the Complaint. Discovery is in the early stages, the parties have not submitted a joint discovery plan, and no scheduling order has been issued. In support of the Motion for Partial Summary Judgment, National Interstate relies on Declarations of the Chavarins' attorney and National Interstate's coverage counsel. These declarants have not been deposed, and the documents they cite and rely on have not been subject to discovery. Skanska identifies specific discovery it needs in order to adequately oppose National Interstate's Motion for Partial Summary Judgment. The Court concludes that the Motion for Partial Summary Judgment is premature under Rule 56(d).

## VI. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Partial Summary Judgment filed by Defendant National Interstate Insurance Company (ECF No. 15) is denied.

IT IS FURTHER ORDERED that the Motion to Strike the Declaration of James M. McFaul filed by Plaintiff Skanska USA Civil West California District Inc. (ECF No. 24) is denied as moot.

Dated: November 17, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court